In re Robert S. BLACK, Jr., Betty G. Black, Debtors.

Bankruptcy No. 2–81–04814.

United States Bankruptcy Court, S.D. Ohio, E.D.

May 18, 1987.

Robert H. Farber, Jr., Columbus, Ohio, for debtors.

Frank M. Pees, Worthington, Ohio, Chapter 13 trustee.

## ORDER DENYING MOTION TO DISMISS

R.G. COLE, Bankruptcy Judge.

This matter is before the Court on a motion to dismiss filed by Frank M. Pees, the standing Chapter 13 trustee, and the debtors' memorandum in opposition.

### I. Statement of Facts

The record before the Court discloses that debtors filed their petition under Chapter 13 of the Bankruptcy Code on December 2, 1981. Debtors' Chapter 13 Plan, filed on December 8, 1981, was confirmed by order of this Court dated February 8, 1982, and provided a 100% dividend to holders of general unsecured claims. Payments under the Plan were scheduled for completion in the 58th month following confirmation.

The Plan appears to have proceeded rather uneventfully for four years, until January 15, 1986, at which time the Chapter 13 trustee moved to dismiss the case pursuant to 11 U.S.C. § 1322(c). According to the trustee's records, copies of which are included in the official court file, the trustee's motion was prompted by his calculation that payments under the Plan would extend past 60 months from when the first Plan payment was due.[1] On January 27, 1986, debtors filed an application for modification of their Chapter 13 Plan, requesting authorization to raise their monthly payment from $280 per month to $425 so that payments under the Plan would not extend past the 60th month following confirmation. Under the terms of debtor's amended plan, as proposed, payments would complete in the 59th month after the date on which the Plan was confirmed. An order granting debtors' application to modify the plan was entered by the Court on

---

1. According to the trustee's records, as of January 10, 1986, just five days before the trustee filed his motion to dismiss, debtors had submitted only three partial payments to the trustee's office since July, 1985. Thus, even if the debtors had resumed their scheduled payments as of January 10, 1986, the trustee calculated that the Plan would have taken approximately 71 months to complete.

February 26, 1986, authorizing plan payments of $425 per month.[2]

On January 28, 1987, the trustee moved again to dismiss debtors' case pursuant to 11 U.S.C. § 1322(c). At hearing, the trustee argued that the amended plan ("Amended Plan"), then in its 62nd month, should be dismissed on the ground that it exceeded the "60–month bar" contained in § 1322(c). The debtors agree § 1322(c) mandates that a Chapter 13 plan may not provide for payments over a period that is longer than three years, unless the Court, upon a finding of cause, approves a longer period—not to exceed five years. The debtors concede, too, that, during the pendency of their plan, they have failed occasionally to submit required payments to the trustee. Notwithstanding the fact they missed payments under their plan, the debtors dispute the trustee's authority under § 1322(c) to seek dismissal of their case.

The trustee argues that § 1322(c) serves as authority for dismissal of a Chapter 13 case in which plan payments will require more than 60 months to complete, despite the fact that the plan, as confirmed or modified by court order, requires completion of plan payments prior to the expiration of the 60th month from confirmation. The debtors disagree with the trustee's interpretation of the statute, arguing that the provisions of § 1322(c) do not bar, or serve as grounds for dismissal of, a plan which, despite its compliance with that subsection's duration limitations at the time of confirmation, extends beyond 60 months. There is no dispute, however, that payments under debtors' Amended Plan have extended beyond 60 months; that, according to its terms, the Amended Plan provides for completion in 59 months following initial confirmation; and, assuming debtors

continue to make monthly payments of $425, that the Amended Plan will complete in or about its 66th month with a 100% dividend to general unsecured claimants.

## II. Legal Conclusions

Presented for the Court's consideration is the Chapter 13 trustee's motion to dismiss the debtors' case on the ground that debtors' Amended Plan violates the provisions of 11 U.S.C. § 1322(c).[3] Section 1322 governs the "contents" of a Chapter 13 plan. Subsection (c), the statutory authority upon which the trustee grounds his request for dismissal of debtors' Chapter 13 case, provides as follows:

> The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years.

Although § 1322(c) provides no definition or illustration of the term "cause," it clearly prohibits a plan from providing for payments over a period that is longer than three years, unless, for cause, the court approves a longer period, but the court *may not approve* a period that is longer than five years. The rationale underlying § 1322(c) is clearly expressed in the House Judiciary Committee Report:

> [I]n certain areas of the country, inadequate supervision of debtors attempting to perform under wage earner plans have [sic] made them a way of life for certain debtors. Extensions on plans, new cases, and newly incurred debts put some debtors under court supervised repayment plans for seven to ten years. This has become the closest thing there is to involuntary servitude. . . .

---

**2.** While the "Order on Application for Modification of Chapter 13 Plan" does not specify the length of the Plan, as amended, it grants the relief requested in the application, which included a 59–month period for completion.

**3.** The motion fails to comply with local district court Rule 4.0.1, which imposes the following requirements with respect to motions and applications:

> All motions and applications tendered for filing shall be accompanied by a memorandum in support thereof which shall be a brief state-

ment of the grounds with citation of authorities relied upon, and, except in the case of an ex parte motion or application, a certificate of service in accordance with Rule 3.4.4.

Despite the trustee's failure to support his motion with a memorandum, his statements at the hearing evidence his contention that 11 U.S.C. § 1322(c) serves as a ground for dismissal of a Chapter 13 plan which extends beyond 60 months, even though the terms of such plan provide for completion in not more than 60 months.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 117 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6078.

Several courts have attempted to interpret Congress' intention with respect to the "cause" required under § 1322(c) to support approval of a plan providing for payments longer than a three-year period. This Court, in *In re Festa*, 65 B.R. 85, 86 (Bankr.S.D.Ohio 1986) (per Sellers, J.), considered confirmation of a Chapter 13 plan which, as proposed, required a period of five years for completion. In concluding that cause had not been established for approval of the plan exceeding 36 months in duration, the Court analyzed Congress' intent concerning the duration of plans as follows:

> The legislative history relating to § 1322(c), enacted as part of the Bankruptcy Reform Act of 1978, indicates a recognition on the part of Congress that debtors in some districts considered Chapter 13 as a way of life pursuant to which their lives were subject to court supervision and assignment of a significant portion of their wages for an unduly lengthy period. Congress was concerned that such subjection could become a form of involuntary servitude and recognized that such lengthy repayment periods were at odds with "the relief and fresh start for the debtor that is the essence of modern bankruptcy law." H.R. No. 595, 95th Cong., 1st Sess. 117 (1977). That fear resulted in a clear directive, through a stated statutory preference, which limited the period for which a debtor could propose a plan to 36 months unless compelling reasons, rising to the level of "cause", could be shown. *In re Greer*, 14 B.C.D. 588 (Bankr.C.D.Cal.1986). That factual determination of cause was entrusted to the bankruptcy courts, on a case by case basis, based upon the actual context of each case and reflecting the courts' experiences in handling Chapter 13 matters.

Thus, a debtor must convince the Court that cause exists for his or her plan to extend beyond three years.

Confirmation of lengthy, relatively low-dividend plans raises issues of feasibility, practicality and economic reality which are not as prominent in shorter duration plans. *In re Festa, supra.* As noted by the Court in *Festa*, at 86:

> Under such plans the potential for default caused by changed circumstances or added costs of living increases with the lengthened period during which a debtor is under court supervision and is thereby bound to the required rigidity in his family budget. Difficulties of "making do" with aging and depreciating personal property increase as the plan continues, and economic recovery to creditors becomes less and less meaningful as the period prior to distribution increases and the percentage of distribution decreases. At some point, a balance of relevant factors requires denial of confirmation of such plans.

Obviously, if plan payments extend beyond five years, these concerns are magnified.

■ In construing the language of the statute, the Court concludes that, while § 1322(c) instructs the Court on the maximum length which it may approve for payments under a Chapter 13 plan, § 1322(c) contains no provision for dismissal of a Chapter 13 plan whose payments extend past a five-year period, but which otherwise complied with the duration limitations at the time of confirmation. Thus, while Congress' intention to prohibit lengthy plans is evidenced in its legislative history, case precedent and the Code,[4] § 1322(c) cannot serve as statutory support for the dismissal of a properly-confirmed plan whose payments have continued beyond five years.

■ The procedure for requesting and obtaining dismissal or conversion of Chapter 13 cases is provided for by Code Section 1307(c), which permits the court, on request of the debtor, a creditor, or the Chapter 13 trustee, to dismiss, or convert a Chapter 13 case to Chapter 7, whichever is in the best interests of creditors and the estate, for cause. Section 1307(c) enumerates the fol-

---

4. *See*, 11 U.S.C. §§ 1322(c) and 1329(c).

lowing ten specific occurrences which constitute sufficient cause for the dismissal or conversion to Chapter 7 of a Chapter 13 case:

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees and charges required under chapter 123 of title 28;

(3) failure to file a plan timely under section 1321 of this title;

(4) failure to commence making timely payments under section 1326 of this title;

(5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;

(6) material default by the debtor with respect to a term of a confirmed plan;

(7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title [or];

(8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;

(9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521; or

(10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521.

However, the grounds enumerated above are nonexhaustive. *See,* 5 *Collier on Bankruptcy,* ¶ 1307.01(4), p. 1307–6 (15th ed. 1986).

The record before the Court indicates that debtors' 59–month Amended Plan has extended beyond the five-year maximum period which may be approved by the Court as a direct result of numerous partial or missed payments during the pendency of the plan, both prior and subsequent to the plan's Court-approved modification. Generally, the failure by a debtor to comply with any term of a confirmed plan, including required plan payments, constitutes a default under the plan. Whether, as in this case, a missed payment or payments constitute(s) a "material default," supporting dismissal or conversion under subsection (c)(6), or unreasonable delay that is prejudicial to creditors, supporting dismissal or conversion under subsection (c)(1), or some other cause under subsection (c), must be considered by the Court on a case-by-case basis upon request of a party in interest.

In construing the trustee's motion to dismiss as a request under Section 1307(c), the Court concludes that cause does not exist for dismissal or conversion of debtors' Amended Plan. Not only has the movant failed to assert or establish sufficient cause under § 1307(c), he has failed also to demonstrate any legal or equitable ground which would support dismissal or conversion. Taking into consideration the fact that the debtors are only a few months short of completing a plan which will pay all general unsecured claims a 100% dividend, and the fact that the Amended Plan is substantially completed, the Court concludes that cause does not exist to dismiss or convert debtors' case.

Accordingly, the Court finds that § 1322(c) does not provide for dismissal of a Chapter 13 plan, confirmed within the parameters of § 1322(c), whose payments will exceed, or have exceeded, a five-year period. The Court finds further that cause does not exist under § 1307(c) to warrant dismissal or conversion of debtors' case.

Accordingly, the motion to dismiss is DENIED.

IT IS SO ORDERED.