**In re John CHANCELLOR and Brenda Chancellor, Debtors.**

**Bankruptcy No. 85 B 17608.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Oct. 15, 1987.

Clay Moseberg of Moseberg & Garwin, Chicago, Ill., for creditor, General Finance Corp.

Melvin J. Kaplan, Chicago, Ill., for debtors, John and Brenda Chancellor.

## MEMORANDUM OPINION
## AND ORDER

JOHN D. SCHWARTZ, Chief Judge.

This matter is before the Court on the creditor's motion to modify the debtors' Chapter 13 plan and the debtor's motion for summary judgment. On the basis of the following facts and conclusions of law, the creditor's motion will be denied and the debtor's motion will be granted.

On December 23, 1985, John and Brenda Chancellor ("debtors") filed a petition for relief under Chapter 13 of the Bankruptcy Code. ((11 U.S.C. § 1301 *et seq.*) All references are to the Bankruptcy Code unless noted otherwise). Pursuant to the terms of the proposed plan, the debtors were required to pay the trustee $580.00 per month for 60 months. The plan provided for secured creditors to receive 100% of their claims and unsecured creditors to receive 10% of their claims.

General Finance Corporation ("GFC") filed a claim for $200.70 which was secured by a non-possessory lien on household furnishings. On April 26, 1986, in response to the debtors' motion, this Court entered an order avoiding the lien and reducing the status of GFC's claim to unsecured. *See*

§ 522 (d)(3). Besides GFC's claim, only one of the debtors' other eleven unsecured creditors filed a claim. The plan was confirmed by the Court on March 26, 1986.

Thereafter, the debtors became unable to make payments pursuant to their plan. On November 12, 1986, Fleet Mortgage Corp. ("Fleet") the only secured creditor filed a motion to modify the stay in order to foreclose its mortgage on the debtors' home. The certificate of mailing indicates that the motion was mailed to Jack McCullough, Melvin Kaplan and the debtors in accordance with Bankr.R. 4001, 7004 and 9014. On January 7, 1987, the Court granted Fleet's motion.

On April 17, 1987, the clerk's office issued a Notice of Hearing on Discharge. The discharge hearing was set for May 20, 1987. GFC appeared at the discharge hearing and presented a motion to modify the debtors' plan. GFC argues that under § 1329 of the Bankruptcy Code, it should be able to obtain modification of the debtors' Chapter 13 plan in order to increase the amount to be paid to GFC. GFC notes that the debtors have completed only 14 of the 60 payments proposed by their plan and that if the debtors were required to make three more payments on their plan, they will have paid 100% of all of the allowed unsecured claims. (GFC's claim being the only claim.)

In response the debtors filed a motion for summary judgment. They argue that because they have completed all payments required of them under the plan, GFC is barred from relief under § 1329.

The issue in this case is whether GFC may seek modification of the debtors' Chapter 13 plan to increase the amount to be paid to the unsecured creditors discharge. The matter appears to be one of first impression. Neither counsel nor the court have been able to locate any case on point. Section 1329, in pertinent part, provides that:

> [a]t any time after confirmation of the plan but before the *completion of payments* under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—
>> (1) increase or reduce the amount or payments on claims of a particular class provided for by the plan....

11 U.S.C. § 1329. (emphasis added)

On July 10, 1984, Congress amended § 1329 of the Bankruptcy Code to permit, *inter alia,* "the holder of an allowed unsecured claim" to request modification of the plan. While § 1329 allows for modification of the debtor's Chapter 13 plan upon request of an unsecured claimant, it limits the time for modification to the span between the confirmation of the plan and completion of payments under the plan.

The Code does not define "completion of payments." If completion is that point in time which the debtors have completed their obligation to each class of creditors, then the debtors have completed payments under the plan. They are no longer obligated to Fleet Mortgage, since Fleet foreclosed on the debtors' mortgage, and they have paid the proposed 10% to all of their unsecured creditors who desired to participate.

If, however, "completion of payments" is that point in time at which the debtors have paid their sixtieth payment as proposed by their plan, then the debtors have not completed payments within the meaning of § 1329. The debtors have paid only 14 of the proposed 60 payments.

This Court concludes that the most sensible definition of "completion of payments" is that point of time at which the debtors have completed their obligation to each class of creditors as provided for in their plan. The substance of a plan looks to the nature of the debtor's obligation to his creditors, not to the number of payments proposed. Furthermore, "payment" is the discharge of an obligation, not meeting a schedule of payments. For instance one payment from an inheritance might pay all creditors under a plan.

GFC might argue that it would have filed a timely motion to modify the plan had it had known about Fleet's foreclosure. However, Congress did not provide that unsecured creditors should receive notice

of motions to modify the stay under Bankruptcy Rules and there is nothing in the Code which suggests that unsecured creditors are entitled to notice of such action.[1]

GFC's motion to modify the plan is simply not timely. Although it did not receive notice of the motion to modify the stay, GFC had sufficient notice of the imminent completion of payments, since it received larger payments than it would have if it were to be paid in 60 months. Alternatively, GFC could have attempted to modify the plan when it became clear that only *two* of the debtors' eleven unsecured creditors filed claims. Whether it would have succeeded is not for the Court to now decide. In this opinion the Court decides only that GFC is tardy in bringing its motion to modify the plan, not whether it could have successfully obtained such modification.

IT IS THEREFORE ORDERED that the motion of General Finance Corporation to modify the plan is denied, and that the debtors' motion for summary judgment is granted.

---

1. This is an anomalous result since Congress obviously contemplated that a Chapter 13 plan could be modified to reflect changes in the debtor's financial ability. *See, e.g., In re Koonce,* 54 B.R. 643 (Bankr.S.C.1985). *Compare* § 1127 (permitting modification of a plan only prior to confirmation and substantial consummation) with § 1329 (permitting modification of a plan anytime prior to completion of payments under the plan). *Compare also* § 1141 (d)(1) (confirmation of a non-liquidating plan discharges a debtor of pre-confirmation debts) and § 1328 (debtor is discharged only after completing all payments under the plan). Obviously Congress envisioned that a Chapter 13 plan could change over the course of its term while a Chapter 11 plan would remain intact. However, since Bankr.R. 4001 does not provide notice to unsecured creditors of motions to modify the stay, the unsecured creditor must look to other indicators of the debtor's ability to increase payments under a modified plan. *See infra.*