**In re NORRIS GRAIN COMPANY, Debtors.**

Bankruptcy Nos. 85–218–BK–J–GP, 85–231–BK–J–GP and 85–232–BK–J–GP.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

May 17, 1994.

James H. Post, Jacksonville, FL, for debtors.

Ann Reid, Washington, DC, for U.S.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon the Motion to Dismiss filed by the United States of America Internal Revenue Service ("IRS"). On January 25, 1994, the Court held a hearing on the motion and upon the argument of counsel and post-hearing submissions, the Court enters these findings of fact and conclusions of law.

#### Findings of Fact

This case was filed on March 23, 1985. This Court confirmed debtors' chapter 11 plan on July 16, 1986. Section 3.4 of debtors' confirmed plan states in relevant part:

the Class 7 Claim of the Internal Revenue Service * * * shall be paid in full by deferred cash payments over a period of not exceeding six years after the date of assessment of such claims, having a value, as of the Effective Date, equal to the allowed amount of such Claim together with interest as required by law. Such payments will be made in equal annual installments on or before each of the first through sixth anniversary dates of the assessment of such Claim.

The IRS has an allowed claim in the amount of $573,083.00 for 1985 income taxes and $365.75 for interest on 1984 income taxes.

Debtors have not distributed any funds to the IRS.

In May, 1990, debtors filed an adversary proceeding to determine whether the assessments in the amount of $2,826,115.17 and $1,015,033.71 made by the IRS for tax years 1984 and 1985 were void under 11 U.S.C. §§ 524(a) and § 1141(d). The Court made findings of fact and conclusions of law and entered its judgment April 7, 1992. 138 B.R. 1004. The Court held that the assessments for tax years 1984 and 1985 were made in violation of the discharge injunction contained in 11 U.S.C. §§ 524 and 1141(d)(1) but allowed the assessments to stand because no harm had resulted from the assessments. In addition, the Court enjoined the IRS from commencing or continuing any action to assess or collect income taxes for 1984 and 1985. The Court specifically declined to decide the validity of the assessments.

Both the debtors and the IRS appealed this judgment which was affirmed by the United States District Court for the Middle District of Florida on August 19, 1993. Again both parties appealed. The United States Court of Appeals for the Eleventh Circuit has not yet ruled on the appeal.

While the adversary judgment was on appeal to the District Court, the IRS filed a motion to clarify or modify the judgment. After a hearing on the motion, the Court conditionally denied the motion and directed the IRS to make an election stating its position whether a motion to dismiss would violate the injunction contained in the judgment. The IRS filed its election stating that a motion to dismiss would not violate the judgment. The IRS filed its motion to dismiss after the appeal to the Eleventh Circuit was filed.

#### Conclusions of Law

■ It is without dispute that debtors have not paid the IRS. What is disputed is whether this Court has jurisdiction over the motion to dismiss. Because the appeal in the adversary proceeding is pending before the Eleventh Circuit, debtors contend that this Court is without jurisdiction to rule on a motion to dismiss. Conversely, the IRS argues that an appeal in an adversary proceed-

ing does not divest the court of jurisdiction in the main bankruptcy case. Although the IRS is correct that the dismissal of the main case does not automatically divest the court of jurisdiction over the related adversary proceeding, in this case the Court is without jurisdiction to rule on the motion to dismiss.

■ Generally, a notice of appeal divests the district court of jurisdiction over those aspects of the case which are involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982); *United States v. Hitchmon*, 587 F.2d 1357 (5th Cir.1979); *Showtime v. Covered Bridge Condominium Ass'n*, 895 F.2d 711 (11th Cir.1990). The district court is left with the limited authority to correct clerical mistakes or to aid in the execution of a judgment that has not been superseded. *Showtime*, 895 F.2d 711, 713 (11th Cir.1990) (quoting *Matter of Thorp*, 655 F.2d 997 (9th Cir.1981)). This is not an absolute rule, rather it is a discretionary rule designed to avoid the confusion and waste of time which would arise if two courts were considering the same issues simultaneously. *U.S. v. Hitchmon*, 602 F.2d 689 (5th Cir. 1979); *In the Matter of Thorp*, 655 F.2d 997 (9th Cir.1981); *In re Bencker*, 122 B.R. 506 (Bankr.W.D.Mich.1990). In addition to avoiding the confusion and waste of time that would arise if two courts were considering the same issue simultaneously, a court must exercise its discretion to avoid interfering with or replacing the appellate process. *Thorp*, 655 F.2d 997 (9th Cir.1981); *In re Urban Development Ltd., Inc.*, 42 B.R. 741 (Bankr.M.D.Fla.1984).

■ An adversary proceeding may have its own jurisdictional base which allows a court to retain jurisdiction after the main case has been dismissed. *In re Morris*, 950 F.2d 1531 (11th Cir.1992). However, this does not mean the appeal of a judgment in an adversary proceeding is not capable of causing confusion, waste of time or interfering with the appellate process in relation to a motion in the main case. *Urban Development Ltd., Inc.*, 42 B.R. 741. Thus, to determine whether exercising jurisdiction in the main case in regard to a motion to dismiss would interfere with the appeal of the adver-

sary judgment, the Court must analyze both the issues on appeal and the issues presented by the motion to dismiss.

■ In this case, the IRS seeks an order dismissing the case for debtors' failure to pay the IRS under its plan. The issue on appeal, in the adversary proceeding, is the effect of the discharge injunction on the assessment made by the IRS while the motion to dismiss requires the Court to determine whether debtors have or have not materially defaulted under their plan. Because dismissing the case would mean there is no discharge to enforce by way of the discharge injunction, the issue of the effect of these provisions is mooted if the case is dismissed. Consequently, if the Court were to rule on the motion it would interfere with the jurisdiction of the Court of Appeals and the appellate process. Thus until the Eleventh Circuit has ruled, this Court is without jurisdiction to rule on the motion to dismiss.

### Conclusion

In a bankruptcy case as in other types of cases, a pending appeal will not always divest the court of jurisdiction. However, in this case a ruling on the motion to dismiss will moot the appeal in the related adversary proceeding. Until the Eleventh Circuit has ruled on that appeal this Court is without jurisdiction to rule on the motion to dismiss. The Court will enter a separate order consistent with these findings of fact and conclusions of law.

### ORDER FINDING COURT DOES NOT HAVE JURISDICTION TO RULE ON MOTION TO DISMISS CASE

Upon findings of fact and conclusions of law separately entered, it is

ORDERED:

1. The Court is without jurisdiction to rule on the motion to dismiss filed by the United States of America, Internal Revenue Service.

2. Upon the ruling of the Eleventh Circuit in the related adversary proceeding *Norris Grain Company v. United States of America*, Adv. Case No. 90–111 and an ap-

propriate motion by the debtor or the Internal Revenue Service the Court will consider the motion to dismiss.