**In re Roger RIVERA and Terri Lynn Rivera, Debtors.**

**Bankruptcy No. ND 91–52012–RR.**

United States Bankruptcy Court, C.D. California.

Jan. 31, 1995.

Nancy Curry, Chapter 13 Trustee, Los Angeles, CA.

David S. Hagen, Hagen Hagen & Hagen, Encino, CA, for Chapter 13 Trustee.

Paul F. Ready, Farmer & Ready, San Luis Obispo, CA, for debtors.

### MEMORANDUM DECISION

ROBIN L. RIBLET, Bankruptcy Judge.

On April 9, 1991, Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. This Chapter 13 Plan provided that unsecured creditors would receive 65% of allowed secured claims. It further provided that the Debtors would make monthly plan payments of $2,300 for a period of three years. An order confirming the plan was entered on July 22, 1991. Had the allowed claims been limited to those scheduled by the Debtors, the $2,300 monthly payments would have been sufficient to provide the proposed 65% return to creditors within three years. Filed claims, however, brought the total of allowed claims to be paid under the plan substantially in excess of the scheduled amounts. The Debtors filed no objections to claims. As a result, at the end of 36 months, the plan was shy by approximately $15,000 from paying the 65% dividend.

The Trustee moved for dismissal pursuant to 11 U.S.C. § 1307(c)(6), based upon this perceived material default in the plan. The Debtors opposed and sought a discharge under 11 U.S.C. § 1328(a), contending that the completion of payments as specified in the plan entitled them to their discharge.

█ The issue presented is which plan provision takes precedence, percentage return to unsecured creditors or monthly plan payments, when the amount of claims ultimately allowed renders the percentage return impossible at the monthly payment rate.

Section 1328(a) provides, in pertinent part: "as soon as practicable after completion by the debtor of all payments under the plan, ... the court shall grant the debtor a discharge ..." The question posed by this case is what does "completion of all payments under the plan" mean when a plan proposes

to pay a specified number of payments and also proposes to pay 65% of unsecured claims? In other words, is the plan satisfied when the specified number of payments have been made, even though 65% of the unsecured claims have not been paid? This Court is persuaded by the rationale of *In re Carr*, 159 B.R. 538 (D.Neb.1993), and finds that the Debtors' payment of less than the percentage called for in the plan precludes qualification for a discharge.

Chapter 13 procedure in the Central District of California[1] allows for the confirmation of a chapter 13 plan prior to the deadline for filing claims prescribed by Bankruptcy Rule 3002(c). Therefore, the nature and amount of each claim may be uncertain at the time the plan is confirmed, as was the situation in this case. The total allowed claims were substantially higher than the amounts scheduled by the Debtors.

The facts of this case closely parallel those of *In re Carr*. In *Carr*, the debtor moved for discharge after making 36 monthly payments of $100.00 as provided by the plan. The plan provided for full payment of all priority claims, which totalled $3,720.62 after allowance by the court. In determining what is to be done when the amount and number of payments provided for in the plan do not yield enough to accomplish what the plan provided, the *Carr* court, in reliance upon *In re Phelps*, 149 B.R. 534 (Bankr.N.D.Ill.1993), *In re Chancellor*, 78 B.R. 529 (Bankr.N.D.Ill. 1987) and *Matter of Casper*, 154 B.R. 243 (N.D.Ill.1993), found that the debtor was not entitled to a discharge. Although the debtor did complete the 36 payments as required, the payments did not total the amount needed to pay 100% of the claims entitled to priority as also required by the plan. *In re Carr*, 159 B.R. 538, at 542–43.

Although factually opposite from the instant facts, *In re Phelps*, 149 B.R. 534 (Bankr.N.D.Ill.1993) agreed with *In re Chan-*

*cellor*, 78 B.R. 529 (Bankr.N.D.Ill.1987), which established that the "substance of a plan looks to the nature of the debtor's obligation to the debtor's creditors, not to the number of payments proposed."[2] *Phelps* held that the "completion of payments" occurs "when the debtor has paid the percentage owed to each class of creditors as provided for in the plan." *In re Phelps*, 149 B.R. 534, at 537, *citing In re Chancellor*, 78 B.R. 529, 530 (Bankr.N.D.Ill.1987). The debtor's plan in *Phelps* provided that unsecured creditors were to be paid a 10% dividend with the debtor making 43 monthly payments of $282.00. The total amount of unsecured claims was ultimately determined to be well *below* the amount of debt in the debtor's schedules, and as a result, it took only 37 months of $282.00 payments to pay the unsecured creditors their 10% dividend. The court considered two scenarios:

> Assume that the Debtor proposed to pay unsecured creditors 100% in 43 months, but due to the failure of some scheduled creditors to timely file proofs of claim, she is able to provide the Trustee with enough money to pay 100% to unsecured creditors with allowable claims in 37 months. It is inconceivable that the Debtor could be made to continue payments for six more months to pay unsecured creditors more than 100% of their claims.

> On the other hand, suppose the Debtor gets a 100% 43 month plan confirmed, but allowed unsecured creditor claims exceed the amount of unsecured debt scheduled by the Debtor. Suppose further that the Debtor pays the Trustee the payments required by the order of confirmation religiously for 43 months, but due to the higher than expected amount of allowed unsecured claims, those payments are only enough to afford unsecured creditors an 85% dividend. Clearly, the Debtor has not completed her payments under the plan.

---

**1.** Amended General Order No. 1, effective July 1, 1993, provides that the confirmation hearing is usually held immediately following the § 341(a) meeting of creditors. If an objection is received and not resolved at the § 341(a) meeting, the hearing may be continued to another date so that the objection can be resolved by the Court. Any objections to claims shall be served and filed

with the Court within 60 days after the service of a notice of intent to pay claims by the trustee.

**2.** " '[P]ayment' is the discharge of an obligation, not meeting a schedule of payments." *In re Chancellor*, 78 B.R. 529, 530.

The conclusion these examples lead to is that the duration of the plan can be changed, either formally by plan amendment or informally by completing payments sufficient to pay the required percentage early because of a reduction in the allowed unsecured claims as compared with scheduled debt. On the other hand, the percentage to be paid allowed unsecured claims, once fixed by the order confirming the Chapter 13 plan, can only be changed by plan amendment. See §§ 1329(a)(1)–(2). *In re Phelps*, 149 B.R. 534, 537–38.

In finding the debtor had paid the trustee enough money to pay her unsecured creditors the promised percentage, the *Phelps* court denied the trustee's motion to amend the plan to require the debtor to continue making payments for the six additional months.

This Court applies the logic set forth in *In re Phelps*.[3] Due to the higher than expected amount of approved unsecured claims, Debtors' payment of 36 payments of $2,300.00 is insufficient to afford unsecured creditors the 65% as also required by the plan. Accordingly, I find that Debtors have not completed their payments under the plan.

Although Debtors correctly state that a plan cannot be modified once a debtor has completed all payments (*See Matter of Gregory*, 705 F.2d 1118, 1122 n. 5 (9th Cir.1983) *cf. In re Moss*, 91 B.R. 563, 565 (Bankr. C.D.Cal.1988)), the Court disagrees with Debtors' contention that Trustee's motion to dismiss the case is in actuality a request to modify the plan. Trustee's motion to dismiss because of delinquent plan payments pursuant to 11 U.S.C. § 1307(c)(6) is clearly that and nothing more. Having found that the debtors have not completed their plan payments, the burden is on them to seek modification of their plan to reduce payments to unsecured creditors. 11 U.S.C. § 1329(a)(1).

Debtors' motion for discharge is denied, and Trustee's motion to dismiss is continued to April 7, 1995, at 10:00 a.m. to afford a

reasonable opportunity to these debtors to cure their delinquent plan payments.

---

**3.** This Court agrees with the logic of *Phelps*, so long as its application does not circumvent the "best efforts" requirement of 11 U.S.C. § 1325(b).