**In re Raymond JACKSON & Rogers M. Jackson, Debtors.**

**Bankruptcy No. 90–00472–RRS–13.**

United States Bankruptcy Court, M.D. Alabama.

April 11, 1995.

Raymond and Rogers Jackson, pro se.

Curtis C. Reding, Trustee, Montgomery, AL.

Patricia A. Conover, Office of U.S. Attorney for the Middle District of Alabama, Montgomery, AL.

### ORDER DISMISSING CASE OVER OBJECTION

RODNEY R. STEELE, Chief Judge.

On February 15, 1995, Curtis C. Reding, Trustee in this pending Bankruptcy Case, filed a Motion to Dismiss the case. At that time, the Court ordered the case dismissed on and after February 25, 1995 unless debtors filed an objection to dismissal prior to that time. On February 23, 1995, debtors

filed a pleading entitled "Objections to the Order of Dismissal." On February 27, 1995, Trustee filed a Motion to Withdraw his motion filed with this court on February 15, 1995. Also, on February 27, 1995, Trustee filed an second Motion to Dismiss debtors case and set out specific grounds for the relief sought therein. On March 15, 1995, debtors filed a pleading entitled "Objection to the Motion to Dismiss." These matters came before this court on April 10, 1995 at Montgomery, Alabama.

■ The language of the United States Bankruptcy Code is clear, no Chapter 13 Plan can run for more than five years. Section 1322(d) of Title 11 states, "The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years." 11 U.S.C. § 1322(d).

Payments under a Chapter 13 Plan must begin within 30 days of the commencement of the case. 11 U.S.C. § 1326(a)(1) Raymond and Rogers Mae Jackson, debtors in this matter, filed their petition for relief under Chapter 13 of the Bankruptcy Code on February 7, 1990. The initial payment under the plan, was therefore due on March 9, 1990, 30 days after the filing of the case. Debtors did, in fact, make their first payment within this time.

■ The maximum duration of any Chapter 13 plan under § 1322(d) will expire five years after the date of the initial payment under the plan. In this case, the first payment to the Trustee was made on March 2, 1990. Therefore, the five year period terminated on March 2, 1995.

■ Debtors contend, in their objection, that the underlying Bankruptcy Case should not be dismissed while their appeal to the United States District Court for the Middle District of Alabama of this Court's Order and Opinion entered on October 7, 1995 regarding debtors objection to the claim of the Internal Revenue Service and related matters is pending. However, the appeal of this Court's earlier order, once perfected, can not be affected by the final disposition of the bankruptcy case. The court may retain jurisdiction of related matters following the closing of the underlying bankruptcy case. *In re Morris,* 950 F.2d 1531 (11th Cir. (Ala.) 1992). Furthermore, where dismissal of the main case would not interfere with the pending appeal, the court may, in its discretion, dismiss the main case. *Cf. In re Norris Grain Company,* 167 B.R. 258 (Bankr. M.D.Fla.1994).

Finally, in the event that debtors' numerous appeals of this court's earlier orders are decided in debtors' favor, the Bankruptcy Code provides a mechanism to reopen the case for further relief in accordance with the term of the appellate court's order. *See* 11 U.S.C. § 350(b).

It is therefore ORDERED that Trustee's Motion to Withdraw his motion of February 15, 1994 is GRANTED. It is further ORDERED that debtors' Objections to Dismissal are OVERRULED. It is further ORDERED that, upon Trustee's Motion, this case is DISMISSED.