**In re Charles D. GOUDE and Cheryl L. Wallerstedt–Goude, Debtors.**

**Bankruptcy No. 690–64256–aer13.**

United States Bankruptcy Court, D. Oregon.

Sept. 23, 1996.

Barry L. Taub, Eugene, OR, for Debtors.

Ronald C. Becker, Eugene, OR, for Trustee.

Jeffrey Wong, District Counsel, Internal Revenue Service, Portland, OR, for Creditor, Internal Revenue Service.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This matter comes before the court upon the Trustee's Motion to Dismiss and the debtors' Motion for Discharge Pursuant to 11 U.S.C. § 1328(a).

## BACKGROUND

The debtors filed their petition for relief under Chapter 13, herein, on November 13, 1990. Their Chapter 13 plan dated November 26, 1990 was confirmed by an order entered, herein, on February 20, 1991. The plan provides for payments of $70 per month to the trustee for an unspecified period. Paragraph 2 of the plan provides in pertinent part:

From the payments so received, the trustee shall make disbursements as follows:

(c) Debts entitled to priority under and in the order prescribed by § 507 of the Bankruptcy Code.[1]

The plan further provides for monthly payments of $63 to be made on a secured claim owing to Lane County, Oregon (a secured real property tax claim) on a balance due Lane County of $2,431.

Lane County filed a timely claim for $3,086.91. The Oregon Department of Revenue (ODR) filed a claim which, as amended, claimed an amount due of $1,174.12, $687.50 of which was claimed as a priority claim. The Internal Revenue Service (IRS) filed a timely claim for $2,122.82 as a priority claim.

The debtors have made sixty monthly payments of $70 in accordance with their confirmed plan. By letter dated November 2, 1995, however, the Chapter 13 trustee advised debtors's counsel that in spite of the fact that 60 monthly plan payments had been made, an estimated payoff of $3,331 was needed as the claims of Lane County, ODR and IRS had not been paid in full as required by both the confirmed plan and by law. The debtors have indicated that they are unable to make up this shortfall.

Accordingly, on January 23, 1996 the trustee filed a motion to dismiss this case alleging that the plan is no longer feasible. On February 16, 1996, the debtors countered by filing a motion for discharge pursuant to 11 U.S.C. § 1328(a). The IRS has joined in the trustee's motion.

The IRS and the trustee maintain that it is not appropriate to grant the debtors a discharge in this case since the debtors have not paid certain claims in full as required both by the confirmed plan and by law. Since the maximum time allowed to complete the payments under a Chapter 13 plan has expired, this case must be dismissed.[2]

The debtors maintain that they have made all of the payments required to be made under the plan. In addition, since no party in interest objected to confirmation of the plan and since no party in interest, including the trustee, raised the issue of feasibility until the time for completion of plan payments had expired, the trustee is guilty of laches and should be estopped to maintain his motion for dismissal. Accordingly, the debtors should be granted a full compliance discharge pursuant to 11 U.S.C. § 1328(a).

A hearing was held on May 22, 1996. At the conclusion of the hearing, this court concluded that the debtors could not avail themselves of the doctrines of laches and equitable estoppel since they were charged with the same knowledge of the facts in this case, regarding feasibility, as the trustee and creditors. The remaining matters were taken under advisement.

## ISSUE

The sole question presented to this court is to construe the provisions of 11 U.S.C. § 1328(a) to determine whether or not the debtors are entitled to receive a discharge pursuant to that statute.[3]

## DISCUSSION

All statutory references are to the Bankruptcy Code, Title 11, United States Code, unless otherwise indicated.

The closest case arising out of this district concerning this matter appears to be a decision rendered by Judge Higdon in *In re McKinney*, 191 B.R. 866 (Bankr.D.Or.1996). There, as in this case, the debtor's plan provided for monthly payments for an unspecified time. Based upon the scheduled priority debt in the case, it appeared that more than 36 months would be required to pay all priority claims in full. The plan

1. 11 U.S.C. § 1322(a) provides in pertinent part:

   The plan shall — (2) provide for the full payment, ... of all claims entitled to priority under § 507 of this title, ...

2. 11 U.S.C. § 1322(c) in effect at the time this case was filed provided:

   (c) The plan may not provide for payments over a period that is longer than three years,

unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years.

3. 11 U.S.C. § 1328(a) provides in pertinent part:

   As soon as practicable after completion by the debtor of all payments under the plan, ... the court shall grant the debtor a discharge of all debts provided for by the plan ...

[redacted]

provided (as in this case) for a 0% distribution to general unsecured creditors. The actual priority claims filed and allowed were substantially less than anticipated. Accordingly, the debtor was able to pay all allowed priority claims in full in only 12 months. The trustee sought to propose a modified plan pursuant to § 1329 to increase the payment to general unsecured creditors.[4] The debtor argued that she had completed payments under the plan, as such, it could no longer be modified. The court disagreed. The court noted that since the plan provided for less than full payment to all creditors, it was required to last at least thirty-six months pursuant to § 1325. Accordingly, Judge Higdon concluded that the trustee could propose a modified plan pursuant to § 1329.

[redacted] Reading §§ 1329(a) and 1328(a) together, it is clear that the statutory scheme provides that a confirmed Chapter 13 plan may be modified at any time before "the completion of payments under such plan," but that after "completion ... of all payments under the plan," the court shall grant the debtor a discharge. There is no reason to attach a different meaning to the completion of payments required in § 1328(a) from the same requirement in § 1329(a). Thus, the reasoning of Judge Higdon in *McKinney* is persuasive here. In order for the debtors' confirmed plan to comply with § 1322, it must provide for payment, in full, of all debts entitled to priority. Since the debtors have not paid the priority debts in full, they have not completed all of the payments under the plan such as would entitle them to receive a discharge pursuant to § 1328(a).

In addition, this court notes that other courts have been presented with the same question concerning the interpretation of § 1328(a) as is presented in this case. In *In re Carr,* 159 B.R. 538 (D.Neb.1993), the court noted that "[t]he substance of a plan looks to the nature of the debtor's obligation to the debtor's creditors, not to the number of payments proposed." 159 B.R. at 542 quoting from *In re Phelps,* 149 B.R. 534, 537 (Bankr. N.D.Ill.1993). The court concluded that discharge should be denied. *See also, In re Rivera,* 177 B.R. 332 (Bankr.C.D.Ca.1995) and *In re Escobedo,* 28 F.3d 34 (7th Cir. 1994). Again, the reasoning of these cases is persuasive.

## CONCLUSION

[redacted] This court concludes that the debtors have not completed all of the payments under their confirmed plan such as would entitle them to receive a discharge pursuant to § 1328(a). Since the plan can no longer be modified to cure the feasibility defect, the trustee's Motion to Dismiss must be granted. Orders consistent herewith shall be entered.

[redacted]

4. Section 1329(a) provides in pertinent part:

At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, ...