**In re David B. BROWN, Debtor.**

**No. 00–10077.**

United States Bankruptcy Court,
N.D. California.

July 29, 2003.

Jeffrey Titus, Santa Rosa, CA, for debtor.

Memorandum re Motion to Dismiss

ALAN JAROSLOVSKY, Bankruptcy Judge.

There are many reasons why a Chapter 13 plan might take longer to complete than contemplated at the time of confirmation. The most common reason is that claims are allowed in a higher amount than scheduled by the debtor; for this reason some court wait until after the claims bar date to confirm a plan.[1] However, even this precaution does not insure that a case will be completed as planned. Extra time may be needed to satisfy a claim which has been amended upward after confirmation, or the court may award additional attorneys' fees to debtor's counsel, or the court may allow a postpetition claim pursuant to § 1305 of the Code, just to name a few causes. The issue now before the court is what to do

---

1. Most courts, including this court, do not wait until after the claims bar date to confirm a plan because the delay, often more than six months if waiting on tax claims, causes hard- ship to secured creditors and is a potential avenue for abuse by debtors filing in bad faith.

when the confirmed plan will take longer than 60 months to complete.

Debtor David B. Brown has been paying $490.00 per month to the Trustee pursuant to his confirmed Chapter 13 plan since February, 2000. The Trustee has moved for dismissal of the case notwithstanding that Brown is current in his payments because the Trustee has calculated that the plan will not be completed until February of 2006. The Trustee argues that the court must dismiss any Chapter 13 case which will not be completed within 60 months of the filing, citing *In re Jackson,* 189 B.R. 213 (Bkrtcy.M.D.Ala.1995). For the reasons stated below, the court rejects this draconian interpretation of the Bankruptcy Code and will deny the motion.

■ The court begins its analysis by noting that while the court may not confirm a plan which is to run for more than 60 months, nothing in the Code mandates dismissal of a case with a confirmed plan which ends up needing some extra time to complete. The court in *Jackson* made no attempt to distinguish between criteria for confirmation and criteria for dismissal, but the two are clearly not the same. Once a plan is confirmed, its terms are binding even if they are inconsistent with the Bankruptcy Code. *In re Pardee,* 193 F.3d 1083, (9th Cir.1999). The correct interplay between confirmation and dismissal provisions of Chapter 13 is stated in 8 Collier on Bankruptcy (15th Ed. Rev.), ¶ 1322.17[2]:

> [T]he fact that a debtor does not actually conclude the payments within the stated period does not constitute a violation of section 1322(d).... [I]f the payments are late, but the debtor is substantially complying with the plan, the court should allow the plan to be completed within a reasonable time after the stated term.

See also *In re Harter,* 279 B.R. 284, 288 (Bankr.S.D.Cal.2002)[Nothing in the Code

imposes a "drop dead" date on a debtor for completion of a confirmed plan].

■ Nothing in § 1307(c) of the Code, which governs Chapter 13 dismissals, makes taking more than 60 months to complete a confirmed plan a ground for dismissal. Even if it did, the section leaves dismissal to the discretion of the court, and is not mandatory. The court accordingly concludes that while dismissal due to going more than 60 months might be considered "cause" for dismissal under that non-exclusive section, dismissal is discretionary.

■ Having concluded that dismissal is not mandatory, the court considers the following factors as relevant is exercising its discretion:

1. How much longer is it going to take to complete the plan?

2. Has the debtor been diligently making plan payments?

3. How much time has elapsed since confirmation before dismissal is sought?

4. If the plan cannot be completed on time due to a large prepetition claim, was the debtor culpable in failing to properly schedule the claim?

■ Of the above criteria, the first three at least favor the debtor. The case will take an extra 12 months to complete, which is reasonable. The debtor has been making substantial payment for three and a half years, totaling more than $17,000.00; it would be extremely cruel to pull the rug out from under him at this late date. While this situation was the result of the debtor understating his tax liability, there is no evidence that this was intentional or negligent. Considering all the factors, the court concludes that the debtor should have the opportunity to keep making his payments until all claims provided for by

his plan are satisfied according to the plan even if this takes 72 months.

For the foregoing reasons, the Trustee's motion to dismiss will be denied. Counsel for the debtor shall submit an appropriate form of order.