In re Michael CUTILLO, Pauline
S. Cutillo, Debtors.

Bankruptcy No. 88–00672.

United States Bankruptcy Court,
N.D. New York.

April 7, 1995.

Mark W. Swimelar, Chapter 13 Trustee,
Syracuse, NY.

Bodow Law Firm, P.C. (Wayne Bodow, of
counsel), Syracuse, NY, for debtors.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Chief Judge.

Presently before the Court is a motion filed by the Chapter 13 Trustee, Mark W. Swimelar, Esq. ("Trustee"), on October 3, 1994, seeking an order dismissing or converting the case of Michael and Pauline Cutillo ("Debtors") pursuant to § 1307(c) of the Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code"). The motion was initially heard on October 18, 1994, at a regular motion term of the Court in Syracuse, New York, and was adjourned to November 15, 1994, to allow Debtors' counsel an opportunity to provide a memorandum of law in support of its position. The Court provided the Trustee with an additional two weeks in which to file a memorandum of law in response to that filed on behalf of the Debtors, and the matter was submitted for decision on November 29, 1994.

## JURISDICTIONAL STATEMENT

This Court has core jurisdiction over the parties and the subject matter of this contested matter pursuant to 29 U.S.C. §§ 1334(b), 157(a), (b)(1), (b)(2)(A) and (O).

## FACTS

The Debtors filed a voluntary joint petition seeking relief under Chapter 13 of the Code on May 3, 1988. An Order confirming the Debtors' Chapter 13 Plan ("Confirmation Order") was entered on June 23, 1988. The Confirmation Order provided that payments of $400 were to be made for the first six months of the plan by Debtor Pauline Cutillo and that payments of $600 were to be made for the remaining fifty-four months by Debtor Michael Cutillo.[1]

According to the Trustee's motion papers, the Debtors' last payment was received September 14, 1994, in the amount of $400. The Debtors have paid a total of $30,589.98 to the Trustee. The sixty-month plan should have been completed in June 1993 according to the terms of the Confirmation Order. At the time of the Trustee's motion, there remained a balance of $4,210.02 to be paid pursuant to the terms of the Plan for a total of $34,800.[2]

## ARGUMENTS

The Trustee contends that the Debtors' case should be dismissed or converted based on the fact that the Debtors failed to increase their monthly payments from $400 to $600 after six months pursuant to the Confirmation Order. The Trustee makes the argument that the Debtors' payments should have been completed in June, 1993, however, there is still a balance owing of $4,210.02.

Debtors contend that there has been no material default under the terms of their confirmed plan that would warrant dismissal or conversion of their case pursuant to Code § 1307(c). Although the Debtors still need $4,210.02 to complete their Plan under the terms of the Confirmation Order, they assert that they have substantially complied in that they have paid approximately 88% of the monies due under the plan to their creditors. Debtors also assert that although their payments were to have ceased in June 1993, the Trustee has continued to accept their monthly payments of $400 and never informed them of any deficiency. The Debtors make the argument that since the Trustee failed to seek dismissal or conversion of their case until approximately 15 months after said payments were to have ceased and approximately 70 months after the default occurred, the doctrine of laches should apply to prevent the Trustee from obtaining the relief he now seeks. Debtors ask that they be permitted to continue making payments to the Trustee of $400 per month until the balance of $4,210.02 has been paid.

## DISCUSSION

■ The decision to convert or dismiss a Chapter 13 case pursuant to Code § 1307(c) is a matter of discretion for the Court. *In re White*, 126 B.R. 542, 546 (Bankr.N.D.Ill.1991) (citations omitted). The language of the statute makes it clear that any decision is to be based upon consideration of what is in the best interest of creditors and the estate. The court's analysis is to be on a case-by-case basis, guided by the factors set forth in Code § 1307(c). *In re Black*, 78 B.R. 840, 843 (Bankr.S.D.Ohio 1987).

In this case, the Trustee has moved for dismissal or conversion of the Debtors' case based on the fact that they defaulted in their payments to the Trustee by not having increased said payments from $400 to $600 after the sixth month of the Plan. Debtors contend that the Trustee's motion is not timely in that the Trustee has continued to accept payments of $400 since the Debtors' default which occurred in the seventh month

---

**1.** An Order was signed by the Court on June 17, 1988, directing Debtor Pauline Cutillo's employer, Multisystems, of Camillus, New York, to deduct $400 from her earnings each month beginning on July 1, 1988, and continuing "for each pay period thereafter ..." There was no provision for said deductions to cease in six months.

**2.** On November 4, 1988, an Order was entered approving claims totalling approximately $36,-000.

of the plan.[3] Debtors argue that the doctrine of laches should bar the Trustee from the relief he now seeks.

Laches is available as a defense when the party who has delayed seeking relief is invoking the discretion of a court of equity. *Maschmeijer v. Ingram,* 97 F.Supp. 639, 641 (S.D.N.Y.1951). As discussed above, whether to dismiss or convert a case pursuant to Code § 1307(c) is a matter of discretion for the bankruptcy court. The defense of laches requires the Court to consider (1) proof of delay in asserting a claim despite the opportunity to do so, (2) lack of knowledge on the part of the defendants [Debtors] that a claim would be asserted, and (3) prejudice to the defendants [Debtors] by the allowance of the claim. *Rapf v. Suffolk County of New York,* 755 F.2d 282, 292 (2d Cir.1985). The mere passage of time is insufficient to constitute laches. *In re Morris,* 155 B.R. 422, 430 (Bankr.W.D.Tex.1993). The delay must also have caused injury to the Debtors. *See Mulligan v. Fed. Land Bank of Omaha,* 129 F.2d 438, 441 (8th Cir.1942). In other words, Debtors must be able to show reliance and a change of position resulting from the delay. *Rapf, supra,* 755 F.2d at 292.

With regard to the first factor, the Trustee certainly had ample opportunity to seek dismissal or conversion of the Debtors' case. Even though appointed approximately 22 months after the default occurred, the Trustee continued to accept payments for some 32 months before they were to have ceased in June 1993. In fact, the Trustee had a fiduciary duty to supervise the Debtors' compliance with their Plan and to take appropriate action if and when the Debtors failed to make the required payments. *See generally In re Gorski,* 766 F.2d 723, 726 (2d Cir.1985). The wage order requested by the Prior Trustee provided that deductions of $400 were to be made from July 1, 1988, and "for each pay period thereafter ..." There is no evidence that there was any request made by either Chapter 13 trustee to have the wage order changed. Having made payments of $400 for well over five years without any action on the part of the Trustee to remedy

the situation, the Court finds that the Debtors lacked any knowledge that the Trustee would later allege a default on their part.

The Court must then consider whether the Debtors relied on the Trustee's inaction in seeking dismissal or conversion and changed their position based on said reliance. A review of the facts convinces the Court that the Debtors relied on the lack of any assertion by the Trustee to the contrary and continued to make monthly payments of $400. Had Debtors been apprised in a timely fashion that they were in default or that they were about to exceed the permissible duration of their Plan, they would have had the opportunity to seek modification of their Plan. Instead, they continued to make payments on a regular basis for over six years in reliance on a lack of objection by either the Trustee or any creditors. To now move to dismiss or convert the Debtors' case when they are precluded from seeking modification of their Plan by virtue of the fact that the Plan was actually to have been completed in June, 1993 would be highly prejudicial to the Debtors.

The Court concludes that the Debtors have established a basis for a defense grounded upon the doctrine of laches. In reaching this determination, the Court is also cognizant of the fact that there have been no allegations of bad faith on the part of the Debtors and no assertions that they missed any payments to the Trustee. In addition, the Court does not believe that the interests of the creditors and the estate would be better served if it were to grant the relief sought by the Trustee in light of the fact that the Debtors' payments to date have resulted in repayment of approximately 88% of the monies due under the plan. In light of the fact that the total amount of the allowed claims was approximately $36,000, the $30,359.98 paid into the plan by the Debtors represents a substantial dividend to all creditors. To grant Trustee's motion to dismiss or convert the Debtors' case under these circumstances would, in the view of this Court, be highly inequitable.

---

**3.** The Trustee was actually not appointed until October 1, 1990. Warren V. Blasland, Esq.

("Prior Trustee") served as trustee for the Debtors' case for the first 28 months of their plan.

■ In opposing the Trustee's motion, the Debtors requested that they be permitted to continue making monthly payments of $400 to the Trustee for an additional 10–11 months in order to pay off the balance of $4,210.02 due under their plan. The Court must deny the Debtors' request. Code § 1322(c) prohibits the Court from approving payments by Chapter 13 debtors which extend for a period of more than five years. *Black, supra,* 78 B.R. at 841. However, the Court will allow the Debtors a reasonable time from the entry of this Order to serve and file a motion seeking a discharge pursuant to Code § 1328(b).

Based on the foregoing discussion, it is hereby

ORDERED that the Trustee's motion seeking to dismiss or convert the Chapter 13 case of the Debtors pursuant to Code § 1307(c) is denied; it is further

ORDERED that the Debtors shall have thirty (30) days from the entry of this Order to file and serve a motion pursuant to Code § 1328(b); and it is further

ORDERED that in connection with the defense of the Trustee's motion, there be paid to the Bodow Law Firm, P.C., attorney fees in the sum of $500.