Douglas POWERS, Appellant,

v.

AMERICAN HONDA FINANCE
CORP., Appellee.

Douglas POWERS, Appellant,

v.

KAWASAKI MOTORS FINANCE CORP.,
Kawasaki Motors Corp., USA,
Appellees.

Douglas POWERS, Appellant,

v.

DEUTSCHE FINANCIAL SERVICES
CORPORATION, Appellee.

Douglas POWERS, Appellant,

v.

TRANSAMERICA COMMERCIAL
FINANCE CORP., Appellee.

ADIRONDACK CYCLE & MARINE,
INC., Appellant,

v.

TRANSAMERICA COMMERCIAL
FINANCE CORP., Appellee.

ADIRONDACK CYCLE & MARINE,
INC., Appellant,

v.

AMERICAN HONDA FINANCE
CORP., Appellee.

ADIRONDACK CYCLE & MARINE,
INC., Appellant,

v.

DEUTSCHE FINANCIAL SERVICES
CORP., Appellee.

ADIRONDACK CYCLE & MARINE,
INC., Appellant,

v.

KAWASAKI MOTORS CORP.,
USA, Appellee.

Nos. 97–CV–325 to 97–CV–328,
97–CV–646 to 97–CV–649.

United States District Court,
N.D. New York.

Dec. 11, 1997.

Office of Livingston L. Hatch (Livingston L. Hatch, of counsel), Keeseville, NY, for Douglas Powers and Adirondack Cycle & Marine, Inc.

Menter, Rudin Law Firm (Jeffrey A. Dove, of counsel), Syracuse, NY, for Transamerica Commercial Finance Corp. and American Honda Finance Corp.

Office of Leslie N. Reizes, P.C. (Leslie Reizes, of counsel), Ithaca, NY, for Deutsche Financial Services, Inc.

Lawliss, Cantwell Law Firm (Lori A. Cantwell, of counsel), Plattsburgh, NY, for Kawasaki Motors Corp. and USA, Kawasaki Motors Finance Corp.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

This matter comes on appeal from several decisions of the Bankruptcy Court of the Northern District of New York.[1] This Court has jurisdiction pursuant to 28 U.S.C. § 158(a).

Appellant Adirondack Cycle & Marine, Inc. ("Adirondack") is a retailer of motorcycles and other recreational vehicles. On January 8, 1997, Adirondack filed for relief under Chapter 7 of the Bankruptcy Code. Thereafter, various secured creditors (the "appellees") of Adirondack moved for relief from the automatic stay to recover from Adirondack their secured collateral. Adirondack and Powers,[2] in response, filed a joint "omnibus objection" to the lifting of the automatic stay. The trustee did not oppose lifting the automatic stay. The bankruptcy court heard oral argument on this issue, and granted the appellees' motions to lift the automatic stay.

Thereafter, Powers filed motions with the bankruptcy court in each of the above cases seeking to reinstate the automatic stay and for a stay pending appeal. Appellee Deutsche Financial Services Corporation ("DFS"), in turn, moved the bankruptcy court for sanctions because of Powers' failure to attend a re-scheduled deposition.

The bankruptcy court determined that Powers' motions violated Bankruptcy Rule 9011. Specifically, the court concluded that the motions were without basis in fact or law. The court also determined that Powers had failed to attend the re-scheduled deposition. For all these reasons, the court imposed sanctions in the amount of attorney's fees and costs against Hatch and Powers.

### II. DISCUSSION

#### A. Standard of Review

■ This Court sits as an appellate court for bankruptcy court proceedings. Accordingly, the Court must accept factual determinations of a bankruptcy court unless clearly erroneous. Bankruptcy Rule 8012. A bankruptcy court's conclusions of law are reviewed *de novo*. *Contemporary Mortgage Bankers, Inc. v. High Peaks Base Camp, Inc.*, 156 B.R. 890, 893 (N.D.N.Y.1993); *Lan-*

---

1. The above-captioned cases have been consolidated on appeal.

2. Appellant Powers is the President and sole shareholder of Adirondack and guarantor of Adirondack's financial obligations to the appellees.

*glois v. United States,* 155 B.R. 818, 819 (N.D.N.Y.1993). The imposition of sanctions is reviewed for abuse of discretion. *Re Cohoes Ind. Terminal, Inc.,* 931 F.2d 222, 227 (2d Cir.1991).

### B. Basis for Appeals

Before the Court are two appeals. First, Powers appeals the orders of the bankruptcy court lifting the automatic stay. Second, Adirondack appeals the orders of the bankruptcy court denying re-imposition of the automatic stay and imposing sanctions against Hatch and Powers.

The Court now turns to the issues presented.

### 1. Lifting of the Automatic Stay

Powers argues that the bankruptcy court made both a substantive and procedural error in lifting the automatic stay. As a substantive matter, Powers contends that the court had insufficient basis in law to lift the stay, because appellees did not set forth sufficient proof to establish that the stay should be lifted pursuant to either 11 U.S.C. § 362(d)(1) or (2). As a procedural matter, Powers asserts the court erred by not holding an evidentiary hearing before ruling on the matter.

Neither of these contentions has merit. A court may lift an automatic stay, pursuant to 11 U.S.C. § 362(d)(2), when the debtor does not have an equity in [the] property and [the] property is not necessary to an effective reorganization. Further, in a Chapter 7 liquidation case, effective reorganization is irrelevant. *In re Diplomat Electronics Corp.,* 82 B.R. 688, 693 (Bankr.S.D.N.Y. 1988); *In re Fazio,* 59 B.R. 312, 313–14 (Bankr.E.D.Pa.1986). Consequently, to lift the stay, appellees were required to show that the debtor did not have an equity in the property. *See* 11 U.S.C. § 362(d)(2).

It is not surprising that the bankruptcy court found that appellees met that requirement. The evidence showed that debtor's own Chapter 7 schedules reported that there was no equity in the property. Indeed, appellants never contested that they had an equity in the property. Appellees also averred in their petition that an inventory

audit report showed an out of trust condition. Again, appellants did not dispute this averment. At any rate, it is unclear how either Powers or Adirondack had standing to assert objections to the lifting of the automatic stay in the first place. The record shows that the trustee did not dispute the lifting of the automatic stay. Under these circumstances, the bankruptcy court did not err in finding that appellees satisfied § 362(d)(2) to lift the stay.

As to Powers' argument that a hearing was required, the Court again disagrees. Although § 362(d) provides that a stay may be lifted "after notice and a hearing," this phrase means "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). In addition, a hearing is not required if a party in interest does not request one. Here, even assuming appellants had standing to make objections, they never requested that an evidentiary hearing be held.

In any case, an evidentiary hearing was not required, as both the evidence and the allegations before the bankruptcy court were *not disputed.* Furthermore, appellants had the opportunity to contest the stay at oral argument on the return date of appellees' motions. At oral argument, appellants failed to set forth any credible argument why the stay should not be lifted.

Accordingly, the bankruptcy court did not err in lifting the automatic stay.

### 2. Refusal to Reimpose the Stay and Awarding Sanctions against Powers and Hatch

For the same reasons just stated, the Court finds that the bankruptcy court did not err in refusing to reimpose the stay. The remaining issue is whether the bankruptcy court erred in imposing sanctions against Powers and Hatch.

To review, appellants have never refuted appellees' assertions that there was no equity in the property. The law was thus clear that appellees' satisfied § 362(d)(2) to lift the stay. Notwithstanding, Powers, by

his attorney, Livingston Hatch, filed objections to the lifting of the stay. Powers' objections failed to provide any basis in law why the stay should not be lifted. Moreover, it is unclear how either Powers or Adirondack had standing to assert objections to the lifting of the stay. Further, Powers failed to adequately explain why he did not show up to a re-scheduled deposition. For these reasons, the court imposed sanctions against Powers and Hatch for making frivolous motions and not complying with discovery. This Court is in complete agreement with the bankruptcy court that sanctions were necessary.

## III. CONCLUSION

For the reasons stated above, the Court finds that appellees' arguments on appeal to be without merit. Accordingly, the orders of the bankruptcy court are AFFIRMED.

**IT IS SO ORDERED.**