219 B.R. 946 (1998)
In re Roland A. BLAISE, Sr., aka North Country Appliances, Debtor.
Roland A. BLAISE, Sr., Appellant,
v.
Douglas J. WOLINSKY, Esq., Trustee/Appellee,
and
Carolyn Loreman, Creditor/Appellee.
Bankruptcy No. 96-15192, BAP No. 97-50046.
United States Bankruptcy Appellate Panel of the Second Circuit.
Argued February 20, 1998.
Decided April 8, 1998.
*947 Livingston L. Hatch, Keeseville, NY, for Appellant.
Lois R. Phillips, Helm, Shapiro, Anito & McCale, Albany, NY, for Creditor/Appellee.
Before: LIFLAND, KRECHEVSKY and BUCKI, JJ.
LIFLAND, Bankruptcy Judge.
Appellant Roland A. Blaise, Sr. (the "Debtor" or "Appellant") appeals the order of the bankruptcy court dated August 28, 1997 (the "Conversion Order") converting this chapter 13 case to a case under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). Appellant contends that the bankruptcy court abused its discretion in converting the case, rather than dismissing it. Specifically, the Appellant contends that the bankruptcy court made no findings of fact, heard no oral testimony and rendered its decision upon insufficient evidence. For the following reasons, we affirm.
Background
The Debtor filed a chapter 11 petition on October 2, 1996. Upon denial of approval of the disclosure statement for his chapter 11 plan, the bankruptcy court, sua sponte, but with the consent of the Debtor, converted the case to one under chapter 13. On April 2, 1997, the Debtor filed his chapter 13 Plan. In August 1997, the chapter 13 trustee moved to dismiss the case (the "Dismissal Motion"), for delay prejudicial to creditors and for "failure to cooperate/lack of good faith plan pay [sic]." WAMCO XXI, Ltd. ("WAMCO"), a creditor which allegedly holds a mortgage on certain of the Debtor's property (the "Barnstead Property"), also filed a motion  for relief from the automatic stay. In addition, creditor/appellee, Carolyn Loreman *948 (the "Creditor" or "Appellee"),[1] moved for an order pursuant to section 1307(c) of the Bankruptcy Code converting the chapter 13 case to a case under chapter 7 or in the alternative, dismissing the case (the "Conversion Motion"). The bankruptcy court heard these three motions on August 21, 1997. Affidavits submitted in support of these motions revealed that the Debtor had failed to disclose assets, sold property of the estate without court approval, failed to make any payments under his chapter 13 plan and, generally, persisted in delaying the sale of property, the proceeds of which were to be used to pay creditors. The affidavit submitted on behalf of the Debtor did not controvert these allegations. While the Chapter 13 trustee took no position on the choice of conversion or dismissal, Creditor's counsel urged the bankruptcy judge to convert the case in light of the danger of dissipation of assets and continuing delay. The Debtor's argument against conversion appears to have been primarily that it was more appropriate that the Creditor's and WAMCO's claims be dealt with in state court. Transcript, August 21, 1997, at 6. The bankruptcy judge rendered his decision to convert the case as follows:
[T]his case has been here for almost a year. [The chapter 13 trustee] indicates that she's not comfortable which says a lot to me that says the debtor has not been completely forth right [sic] in this [sic] obligations. He voluntarily sought the protection of this Court. He came in here and I don't know that he played by all the rules of the game and if there's more litigation in this Court than [sic] so be it. . . .
Then, based on the pleadings that are before me, and based on the argument of Counsel I believe cause does exist to convert the case. If it's a no asset case so be it, at least then the system is purged of the problems that occurred during the 11 and the 13. The case is going to be converted for  based on cause as shown by Ms. Phillips [the Creditor/Appellee's attorney] and not answered.
Transcript, August 21, 1997, at 9-10.
Discussion
As a preliminary matter, we turn first to the Appellant's complaint that the bankruptcy judge made no findings of fact. Federal Rule of Civil Procedure 52(a) ("Rule 52(a)"), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7052, provides that "[i]n all actions tried upon the facts without a jury . . ., the court shall find the facts specially and state separately its conclusions of law thereon." Under Bankruptcy Rules 9014 and 1017(d), Rule 52(a) is applicable in proceedings to convert a chapter 13 case to chapter 7. The purpose of Rule 52(a) is "to aid the appellate court by affording it a clear understanding of the ground or the basis of the decision of the trial court." Leighton v. One William St. Fund, Inc., 343 F.2d 565, 567 (2d Cir.1965). Failure to comply with Rule 52(a) may be cause for remand. See Pullman-Standard v. Swint, 456 U.S. 273, 292 n. 22, 102 S.Ct. 1781, 1792 n. 22, 72 L.Ed.2d 66 (1982). Here, the bankruptcy judge made his own findings (the case is almost a year old; the debtor has not been completely forthright and has not "played by the rules") but also "incorporated by reference" the movant's contentions-the pleadings and arguments of counsel. Arguably, this constituted a failure to comply strictly with Rule 52(a).
However, where it is possible to determine the bases upon which the court below acted, and the record is clear enough for the appellant to recognize those grounds, the appellant has not been prejudiced and error in the court below's failure to comply with Rule 52(a) is harmless. See Leighton v. One William St. Fund, Inc., 343 F.2d at 567. Indeed, in the Leighton case, the District Court had summarily rejected the plaintiffs motion simply saying, "for the reasons stated *949 in open court and upon the record, said motion is in all respect denied," yet, on this slender basis, the Second Circuit affirmed. See id. It is clear from a review of the transcript of the hearing in its entirety that the court found "cause" to convert or dismiss consisting of "unreasonable delay by the debtor that is prejudicial to creditors" pursuant to section 1307(c)(1) of the Bankruptcy Code and decided to convert the case rather than dismiss because the behavior of the Debtor in the bankruptcy generally gave rise to a suspicion that unless a trustee were appointed the Debtor might frustrate his creditors by dissipating assets. Accordingly, we find that the apparent noncompliance with Rule 52(a) in this case has not prejudiced the Appellant and is merely harmless error.
As a further preliminary matter, we find the Appellant's complaint that "there was no testimony taken or documentary evidence presented," Appellant's Brief at 13, to be without foundation. Federal Rule of Civil Procedure 43(e), made applicable to cases under the Bankruptcy Code by Federal Rule of Bankruptcy Procedure 9017, provides that the court may hear motions[2] on affidavits presented by the respective parties or may direct the matter be heard wholly or partly on oral testimony or deposition. See FED.R.CIV.P. 43(e) and FED.R.BANKR.P. 9017; see also e.g. First Republicbank Dallas v. Gargyle Corp., 91 B.R. 398, 401 n. 5 (N.D.Tex.1988); In re Ravick Corp., 106 B.R. 834, 835 n. 1 (Bankr.D.N.J.1989). As very recently stated by the Second Circuit, "motions may be decided wholly on the papers, and usually are." Greene v. WCI Holdings Corp., 136 F.3d 313, 315 (2d Cir.1998)(quoting World Brilliance Corp. v. Bethlehem Steel Co., 342 F.2d 362, 366 (2d Cir.1965)). A proceeding to dismiss a case or convert a case to another chapter is a contested matter to be heard upon motion. FED.R.BANKR.P. 1017(d) and 9014. Thus, a court may rely upon affidavits in a proceeding to convert or dismiss. See, e.g. In re Ravick Corp., 106 B.R. at 835 n. 1 (quoting In re Apex Properties, Ltd., Civil Action No. 88-0056 (D.N.J., May 6, 1988)).
Furthermore, although section 1307(c) of the Code provides that the court may convert or dismiss a case "after notice and a hearing," this phrase means "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Compare Powers v. America Honda Finance Corp., 216 B.R. 95, 97 (N.D.N.Y.1997) (addressing the meaning of the same phrase in section 362(d) of the Code).[3] Appellant had the opportunity to contest the Conversion Motion at the hearing on August 21, 1997. He submitted his own affidavit but such affidavit left essentially undisputed the Creditor's core allegations. Accordingly, an evidentiary hearing was not required. See id. Indeed, at no time did he even request an evidentiary hearing. He cannot, therefore, now be heard to complain about the lack of an evidentiary hearing. See id. Furthermore, it is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal. See Greene v. U.S., 13 F.3d 577, 585 (2d Cir. 1994).
We turn, therefore, to the substance of the appeal, the Appellant's complaint that the bankruptcy court abused its discretion in granting the Conversion Motion. Section 1307(c) of the Bankruptcy Code provides that the court may convert a chapter 13 case to a chapter 7 case, or may dismiss the chapter 13 case, whichever is in the best interests of creditors and the estate, for cause, including those matters set forth in sub-paragraphs (1) through (10). Use of the word "may" indicates that the decision to *950 dismiss or convert is committed to the discretion of the bankruptcy court. See In re Cutillo, 181 B.R. 13 (Bankr.N.D.N.Y.1995); In re Green, 64 B.R. 530 (9th Cir. BAP 1986); In re White 126 B.R. 542, 546 (Bankr.N.D.Ill. 1991); In re Smith, 85 B.R. 729 (E.D.Va. 1988); In re Sando, 30 B.R. 474 (E.D.Pa. 1983). Accordingly, an order converting a bankruptcy case for cause is reviewed for an abuse of discretion. See In re Bistrian, 184 B.R. 678, 685 (E.D.Pa.1995); Beatty v. Traub (In re Beatty), 162 B.R. 853, 855 (9th Cir. BAP 1994). As to the factual findings that underlie that decision, an abuse of discretion is deemed to occur only when such findings are clearly erroneous. See FED.R.BANKR.P. 8013; Molitor v. Eidson (In re Molitor), 76 F.3d 218, 221 (8th Cir.1996); In re Ortiz, 200 B.R. 485, 489 (D.P.R.1996); In re Bistrian, 184 B.R. at 685. A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411 (9th Cir.1986); In re AWECO, 725 F.2d 293, 297 (5th Cir.), cert. denied, 469 U.S. 880, 105 S.Ct. 244, 83 L.Ed.2d 182 (1984); Silverman v. Mutual Trust Life Ins. Co. (In re Big Rapids Mall Assoc.), 98 F.3d 926 (6th Cir. 1996). A bankruptcy court also abuses its discretion if the reviewing court has a definite and firm conviction that the lower court committed a clear error of judgment in the conclusion it reached based on all the appropriate factors. Frederick County National Bank v. Lazerow, 139 B.R. 802 (D.Md.1992); In re Tong Seae (U.S.A.), Inc. 81 B.R. 593, 597 (9th Cir. BAP 1988).
Here, there was sufficient evidence before the bankruptcy judge upon which he could conclude that there was cause to convert or dismiss the case pursuant to section 1307(c)(1) of the Bankruptcy Code including unreasonable delay that is prejudicial to creditors. The case had been filed almost 11 months prior to the hearing on the Conversion Motion. The chapter 13 plan filed by the Debtor was fraught with problems as outlined in the affidavit filed on behalf of the Creditor[4] and uncontroverted by the Debtor. The Debtor had not yet made any payments pursuant to section 1326 of the Bankruptcy Code, nor adequate protection payments, nor had he taken effective steps to market the property comprising his estate. Appendix, page 160. Again, the Debtor did not controvert these allegations.
However, the consideration whether to dismiss or convert under section 1307(c) requires the court further to determine whether the best interests of the estate and its creditors dictate conversion or dismissal. Gaudet v. Kirshenbaum Investment Co., Inc. (In re Gaudet), 132 B.R. 670 (D.R.I. 1991); In re Cutillo, 181 B.R. at 14; In re Vieweg, 80 B.R. 838, 841 (Bankr.E.D.Mich. 1987); In re Walters, 11 B.R. 567, 569 (Bankr.S.D.W.Va.1981). The court specifically posed the question, "should [the case] go into liquidation or it simply be dismissed?" Transcript at 7. Creditor's response was to refer to the Debtor's failure to schedule assets and sale of estate property, citing these as evidence of bad faith and attempts to frustrate creditors and dissipate assets. Id. at 7-8. Thus, when the court rendered its decision to convert and specifically referred to "the argument of counsel", the bankruptcy judge must have been mindful of these assertions as part of the rationale underlying his ruling. Indeed, other than to make a passing allusion to the small sum obtained by the Debtor on the sale of property at the Village Auction ("Four Dollars and fifty cents, that's what they claim."), Transcript at 8, Debtor's counsel did not attempt to controvert Appellee's argument concerning the interests of creditors. Accordingly, there is sufficient indication in the transcript of the hearing on the Conversion Motion that the bankruptcy court in this case duly considered the interests of the creditors and the estate.
Furthermore, there was sufficient evidence before the bankruptcy court to conclude that *951 the Debtor had not "played by the rules" and such finding was not erroneous. Indeed, the affidavit submitted on behalf of the Debtor in opposition to the Conversion Motion admitted the Debtor's failure to disclose the ownership of at least one vehicle on his original schedules, the sale of estate property without court approval, the Debtor's failure to make good faith payments to the Chapter 13 Trustee, and his failure to insure and liquidate assets. Appendix at 178-80. Other allegations contained in Creditor's affidavit were uncontroverted. The schedules and amended schedules filed by the Debtor as of the date of the Conversion Order themselves reveal the Debtor's initial failure to disclose the ownership of a plot of land and three vehicles-a dump truck, pickup, and camper. It was reasonable, and not, in our view, clearly erroneous, for the court to infer from the Debtor's past failure to "play by the rules" that unless a trustee were appointed, the Debtor might frustrate his creditors by dissipating assets. Thus, the bankruptcy court did not base its decision on clearly erroneous factual findings. Further, we cannot say that the bankruptcy court committed a clear error of judgment in determining that this perceived risk of dissipation warranted conversion rather than dismissal.
Finally, Appellant argues, without citing any authority therefor, that "[a] dismissal should be granted when requested by the Debtor." Section 1307(b) of the Bankruptcy Code provides that "on request of the debtor at any time, if the case has not been converted under section . . . 1112 . . . of this title, the court shall dismiss a case under this chapter." 11 U.S.C. § 1307(b) (emphasis added). The Debtor had originally filed his petition under chapter 11 but it was subsequently converted to chapter 13 pursuant to section 1112 of the Bankruptcy Code. Therefore, dismissal under section 1307(b) was not available to him as of right as this right evaporated under the earlier conversion. See In re Gaudet, 132 B.R. at 675.
Conclusion
For the reasons set forth above, we find that the bankruptcy court did not abuse its discretion in converting the case and AFFIRM the Conversion Order.
NOTES
[1] The Creditor is the former wife of the Debtor and claims to be a creditor of the Debtor with respect to child support and certain sums relating to properties required to be transferred to the Creditor under the terms of the amended judgment of divorce. The sums awarded to the Creditor by the Supreme Court in April 1996 were the subject of an appeal and the Appellate Division has reversed and remitted to the Supreme Court for further proceedings, which, so far as we are aware, are still pending.
[2] Federal Rule of Civil Procedure 43 applies both to adversary proceedings and to contested matters. FED.R.BANKR.P. 9017. In contrast to motions, in adversary proceedings, testimony is taken in the usual way under Rule 43(a). In re Mohring, 142 B.R. 389, 392 n. 6 (Bankr.E.D.Cal. 1992), aff'd, 153 B.R. 601 (9th Cir. BAP 1993), aff'd, 24 F.3d 247 (9th Cir.1994).
[3] Appellant's counsel here was the appellant's counsel in the Powers case. He likewise there argued that an evidentiary hearing was required on a motion to lift the automatic stay. The district court rejected the argument.
[4] The affidavit states that the Debtor's chapter 13 plan relied on the sale of only one of the Debtor's parcels of land, failed to provide a term for the plan, and failed to provide monthly payments to the Chapter 13 Trustee or adequate protection payments to secured creditors while the property was being marketed. Appendix at 160.