13-3629
In re: Rudolph P. Prisco

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand fourteen.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

In Re: Rudolph P. Prisco,

> *Debtor*.

_____

Rudolph P. Prisco,

> *Appellant*,

> v.                                                          13-3629

Andrea E. Celli, Chapter 13 Trustee,
Michael Jude O'Connor, Chapter 7
Trustee,

        *Trustees-Appellees*.

_____

FOR APPELLANT:                        Rudolph Prisco, *pro se*, Clifton Park, NY

FOR TRUSTEES-APPELLEES:     Andrea E. Celli, Chapter 13 Standing Trustee, Albany, NY; Michael Jude O'Connor, O'Connor, O'Connor, Bresee & First P.C., Albany, NY

Appeal from a judgment and order of the United States District Court for the Northern District of New York (Kahn, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Rudolph Prisco, proceeding pro se, appeals from a district court judgment affirming a bankruptcy court order converting his case from a Chapter 13 proceeding to a Chapter 7 proceeding based on his failure to disclose a personal injury lawsuit.  He also appeals from the district court's denial of his

2

motion to reconsider. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We conduct a plenary review of a decision of a district court functioning as an intermediate appellate court in a bankruptcy case, review de novo the bankruptcy court's legal conclusions, and accept the bankruptcy court's factual findings unless clearly erroneous. *Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 132 (2d Cir. 2013). An order converting a bankruptcy case for cause is reviewed for abuse of discretion. *Blaise v. Wolinsky (In re Blaise)*, 219 B.R. 946, 950 (2d Cir. B.A.P. 1998). A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings, or if it commits a "clear error of judgment" based on "all the appropriate factors." *Id*.

For the reasons described by the district court, the bankruptcy court did not abuse its discretion in converting Prisco's bankruptcy case from Chapter 13 to Chapter 7. *Truck Drivers Local 807 v. Carey Transp. Inc.*, 816 F.2d 82, 90 (2d Cir. 1987). Neither did the district court abuse its discretion in denying Prisco's motion to reconsider. We therefore affirm for substantially the same reasons stated by the district court in its thorough and well-reasoned orders.

3

We have considered all of Prisco's arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk