SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.
Appellant Rudolph Prisco, proceeding pro se, appeals from a district court judgment affirming a bankruptcy court order converting his case from a Chapter 13 proceeding to a Chapter 7 proceeding based on his failure to disclose a personal injury lawsuit. He also appeals from the district court’s denial of his motion to reconsider. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
We conduct a plenary review of a decision of a district court functioning as an intermediate appellate court in a bankruptcy case, review de novo the bankruptcy court’s legal conclusions, and accept the bankruptcy court’s factual findings unless clearly erroneous. Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.), 714 F.3d 127, 132 (2d Cir.2013). An order converting a bankruptcy case for cause is reviewed for abuse of discretion. Blaise v. Wolinsky (In re Blaise), 219 B.R. 946, 950 (2d Cir.1998). A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings, or if it commits a “clear error of judgment” based on “all the appropriate factors.” Id.
For the reasons described by the district court, the bankruptcy court did not abuse its discretion in converting Prisco’s bankruptcy case from Chapter 13 to Chapter 7. Truck Drivers Local 807 v. Carey Transp. Inc., 816 F.2d 82, 90 (2d Cir.1987). Neither did the district court abuse its discretion in denying Prisco’s motion to reconsider. We therefore affirm for substantially the same reasons stated by the *20 district court in its thorough and well-reasoned orders.
We have considered all of Prisco’s arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.