**IN RE Thomas L. HANDY and Mary Handy, Debtors.**

**Bankr. No. 15-37632**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Signed August 31, 2016

Rigoberto Garcia, Steve Miljus, Margaret M. Molloy, The Semrad Law Firm, LLC, Chicago, IL, for Debtors.

## Order on Trustee's Motion to Dismiss for Term of Plan (Dkt. No. 37)

Jacqueline P. Cox, Judge

### I. Jurisdiction

Bankruptcy courts have authority by statute to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) ... and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1). Core proceedings include matters concerning the administration of the estate, such as motions to dismiss a bankruptcy case. 28 U.S.C. § 157(b)(2)(A).

### II. Facts

The Debtors Thomas L. Handy and Mary Handy sought relief under Chapter 13 of the Bankruptcy Code on November 4, 2015. The court confirmed their modified Chapter 13 Plan on January 25, 2016; it required the Debtors to pay $860 a month for 60 months with a 100% dividend to their unsecured creditors.

On May 3, 2016 the Debtors sought by motion to modify their plan. That motion was granted on June 6, 2016 modifying the Plan as follows: Section E 3.1(a)—changing the secured claim of the Cook County Treasurer to $17,252.74 for PIN 29-08-123-027-0000—$15.00 a month (previous treatment of that claim in the original Plan was for $19,733.19 at $15.00 a month). Section E 3.1(c) was modified to include the secured claim of the Cook County Treasurer for $8,812.51 with an APR of 0% and a fixed monthly payment of $10.00 a month for PIN 29-08-123-028-0000.

The plan confirmed earlier on January 19, 2016 at Section G (referring to language in the Special Terms section) stated that commencing with the August, 2016 plan payment, the Cook County Treasurer would receive set payments of $571.00 a month and commencing with the August, 2016 plan payment Ally Financial would receive set payments of $245 a month and adequate protection payments of $60 a month.

The June 6, 2016 Order struck Paragraph 1 of Section G and modified Section G to state that beginning with the August, 2016 plan payment the Cook County Treasurer at E 3.1(a) for PIN 29-08-123-027-0000 shall receive set payments of $371 a month and that at the same point the Cook County Treasurer for PIN 29-08-123-028-0000 would receive $200 a month.

The order states that the Trustee was not required to perform collections from creditors pursuant to any prior plan.

On June 23, 2016, seventeen days later, the Chapter 13 Trustee filed a Motion to Dismiss for Term of Plan (Docket Number 37) asking that the case be dismissed because the plan would complete in 86 months from the date of confirmation. The Debtor responded that it would complete in 70 months. Neither the Trustee nor the Debtor has explained why the plan will complete at either point in time. Did the filed proofs of claim come in too high? Do

the Debtors owe a creditor such as the Internal Revenue Service an amount so great that the Plan is unfeasible, incapable of completing in five years?

## III. Legal Analysis

### A. Plan Term Limitations

 Generally, if the current monthly income of a debtor and the debtor's spouse, when multiplied by 12, is below the applicable state median income for a family their size no plan may propose payments over a period of more than three years. Proposed plans may provide for payments for up to five years if the current monthly income of the debtor and the debtor's spouse, when multiplied by 12, is over specified state median family income thresholds. 11 U.S.C. § 1322(d)(1)-(2).

The Debtors' current monthly income as calculated on Official Form 22C-1 turns out to be less than the median income for an Illinois family their size; for that reason their applicable commitment period was three years. *See* Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period, Bankruptcy Case No. 15-37632, Docket Number 2, p. 3, line 21.

Courts may not confirm a plan designed to last in excess of five years. 11 U.S.C. § 1322(d)(1)-(2).

The Debtors' Original Plan filed on November 5, 2015 proposed to make plan payments of $860 a month for three years. *See* Docket Number 9, Section D-1, p. 2. Even though the Debtors were supposed to propose a plan lasting no more than three years, the Modified Plan filed on January 19, 2016 provided for payments of $860 a month for five years. *See* Docket Number 26, Section D-1, p. 2.

When the plan modifications noted above were allowed on June 6, 2016 the Order did not address whether the plan term would change.

### B. Grounds for Dismissal

 The Bankruptcy Code provides a non-exhaustive list of grounds for dismissal of Chapter 13 cases:

Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including:

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees and charges required under chapter 123 of title 28;

(3) failure to file a plan timely under section 1321 of this title;

(4) failure to commence making timely payments under section 1326 of this title;

(5) denial of confirmation of a plan under section 1325 of this title and denial of a request for additional time for filing another plan or a modification of a plan;

(6) material default by the debtor with respect to a term of a confirmed plan;

(7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;

(8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;

(9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such

case, the information required by paragraph (1) of section 521(a);

(10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521(a); or

(11) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.S.C. § 1307(c).

That provision does not provide for dismissal when a plan continues past the applicable three-year or five-year term.

### C. Grounds for Plan Modification

Bankruptcy Code § 1329 governs the modification of Chapter 13 plans after confirmation. Modified plans may not provide for payments over a period that expires after the applicable commitment period. 11 U.S.C. § 1329(c). The three-year and five-year limits apply to modified plans. *Christensen v. Black (In re Black)*, 292 B.R. 693, 701 (10th Cir. BAP 2003) (Practice of considering several prior payments as one lump-sum contribution when modifying a plan effectively extended plan beyond five years and violated section 1329(c).

### D. Dismissal When Payments Exceed Five-Year or Three-year Term

In *In re Henry*, 368 B.R. 696, 700–01 (N.D.Ill.2007) a district court affirmed a bankruptcy court's refusal to dismiss a Chapter 13 case on term of plan grounds where the debtor needed approximately 30 additional months to complete plan payments. *See In re Henry*, 343 B.R. 190, 193 (Bankr.N.D.Ill.2006).[1]

The District court opinion includes a collection of cases where bankruptcy courts dismissed cases when payments

continued for more than five years and cases where bankruptcy courts did not dismiss Chapter 13 cases for that reason.

Another district court ruled recently that a Chapter 13 case did not have to be dismissed where a trustee discovered a payment deficiency toward the end of a plan. *Shovlin v. Klaas*, 539 B.R. 465, 472–73 (W.D.Pa.2015). ("Although Sections 1322 and 1325 prohibit a debtor and a Bankruptcy Court from knowingly proposing and confirming a plan that extends beyond five years (i.e., sixty months), these Sections of the Bankruptcy Code do not mandate dismissal of a bankruptcy case if a debtor needs a reasonable period of time to cure an unanticipated arrearage incurred during the sixty-month period.").[2]

Dismissal is not required in all cases where a debtor needs more than three years or five years to complete his or her plan obligations. The decision to convert or to dismiss a Chapter 13 case is a matter of discretion for the bankruptcy court. It should be made on a case-by-case basis taking into account the best interest of creditors and the bankruptcy estate. *In re Cutillo*, 181 B.R. 13, 14 (Bankr. N.D.N.Y.1995). *See In re Nahat*, 315 B.R. 368, 374 (Bankr.N.D.Tex.2004) for explanation that Congress limited the time span of a Chapter 13 plan to protect debtors from a form of involuntary servitude which the Thirteenth Amendment to the U.S. Constitution has banned. "The legislative history of the Bankruptcy Code indicates that Congress was unhappy with practices that had developed in certain parts of the country under Chapter 13's predecessor that had resulted in debtors remaining under court-supervised repayment plans for sev-

---

1. The debtors say that they need only 10 additional months to complete their plan. The Trustee states that they need 18 additional months to complete their plan.

2. This matter is on appeal to the Third Circuit Court of Appeals: Case No. 15–3341.

en to ten years, which Congress characterized as being close to indentured servitude." *See In re Black,* 292 B.R. at 700 (Citing Congressional Report). The Debtors' opposition to the Motion to Dismiss suggests that continuing their plan obligations does not, at this time, amount to involuntary servitude or indentured servitude.

In reversing a district court ruling that affirmed a bankruptcy court's denial of a Chapter 13 trustee's motion to increase plan payments, the Seventh Circuit Court of Appeals ruled on June 23, 2016 that a Chapter 13 trustee may secure an increase of a debtor's plan payments if the debtor's financial circumstances make an increase affordable.

The debtors therein argued that it was no longer possible to grant the trustee's motion to increase their plan payments because five years had elapsed since the debtors began making payments under their original plan. The Court responded:

> if the modification were allowed, the debtors would be deemed in default because they failed to make all payments called for by their modified plan. If the debtors were in default, then several things of consequence could occur: the bankruptcy court could deny the debtors a discharge, dismiss their bankruptcy case, or convert the case to Chapter 7. *See* 11 U.S.C. §§ 1307(c)(6), 1328. Or, the bankruptcy court might allow the debtors to cure their default by paying the difference between the payments called for by the modified plan for months 38 to 60 and what they actually paid during those months. Although these payments would be made outside of the five-year period specified in § 1329(c), they would not be payments "provide[d] for" by the modified plan; rather, they would be payments made to cure a default under the modified plan,

*i.e.,* payments made because the debtors did not make the payments "provide[d] for" by the plan in the first place. *Germeraad v. Powers,* 2016 WL 3443342, *4 [826 F.3d 962, 968] (7th Cir.2016).

The Seventh Circuit cited 1 Hon. W. Homer Drake, Jr., et al., *Chapter 13 Practice and Procedure,* § 11:15 at 1131 (2d ed. 2015): ("[W]hen a debtor is close to completing her plan payments and needs a reasonable additional time to do so, courts have permitted the debtor to cure the defaults and consummate the plan. The reasoning is that the five-year restriction applies to the scheduling of the payments in the confirmed plan and does not prohibit cure of those payments outside the scheduled time . . .").

In an unpublished opinion on March 24, 2016, in denying a motion to dismiss for term of plan this court took the same position, ruling that while Chapter 13 debtors may not confirm a plan that exceeds five years, they may be allowed a reasonable amount of time to cure a default. *See In re Martinez,* Bankruptcy Case No. 14–20852, Docket Number 49, p. 3.

These Debtors need a modest amount of time (ten months according to the Debtors—eighteen months according to the Trustee) to complete their plan obligations.

## IV. Conclusion

It is not in the best interests of the Debtors, their creditors or the estate to dismiss this case, possibly leading them to file a new Chapter 13 case, incurring the payment of a $310 filing fee and another $4000 attorney's fee.

The Trustee may present evidence showing that the needed extension is not warranted. Without that, however, this court finds that the Debtors are not in material default of their plan obligations.

The Motion to Dismiss for Term of Plan is DENIED.