18-2934-bk
*In re Maura E. Lynch*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> GUIDO CALABRESI,
> DENNY CHIN,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In Re: MAURA E. LYNCH,
> *Debtor.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MAURA E. LYNCH,
> *Debtor-Appellant,*

> -v-                                              18-2934-bk

STEPHEN VACCARO,
> *Creditor-Appellee,*

R. KENNETH BARNARD,
                    *Chapter 7-Trustee-Appellee,*

UNITED STATES TRUSTEE,
                    *Trustee-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR DEBTOR-APPELLANT:                MAURA E. LYNCH, *pro se*, Sag Harbor,
                                     New York.

FOR CHAPTER 7-TRUSTEE-APPELLEE:      GARY F. HERBST (David A. Blansky, *on
                                     the brief*), Lamonica Herbst &
                                     Maniscalco, LLP, Wantagh, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Debtor-appellant Maura E. Lynch appeals from a judgment of the district court entered September 20, 2018, affirming an order of the bankruptcy court and dismissing her appeal.   By order entered June 28, 2017, the bankruptcy court (Trust, *B.J.*) converted Lynch's Chapter 11 case to a Chapter 7 case.   The district court explained its reasoning in a memorandum and order filed September 19, 2018.   Lynch appeals.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We review *de novo* the orders of district courts acting as appellate courts in bankruptcy cases. *See Anderson v. Credit One Bank, N.A. (In re Anderson)*, 884 F.3d 382, 387 (2d Cir. 2018), *cert. denied sub nom. Credit One Bank, N.A. v. Anderson*, 139 S. Ct. 144 (2018). In so doing, we "apply the same standard of review employed by the district court to the decision of the bankruptcy court," thereby "review[ing] the bankruptcy court's findings of fact for clear error and its legal determinations *de novo*." *Id.* An order converting a bankruptcy case for cause is reviewed for abuse of discretion. *See Blaise v. Wolinsky (In re Blaise)*, 219 B.R. 946, 950 (2d Cir. B.A.P. 1998) (conversion from Chapter 13 to Chapter 7 is reviewed for abuse of discretion). "A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings," or commits a "clear error of judgment . . . based on all the appropriate factors." *Id.* at 950.

The bankruptcy court has authority to convert a Chapter 11 proceeding to a case under Chapter 7 for cause, after notice and hearing, where such conversion is in the best interests of creditors and the estate. *See* 11 U.S.C. § 1112(b)(1). The bankruptcy court may convert to Chapter 7 upon the motion of a party in interest, 11 U.S.C. § 112(b)(1), or *sua sponte* "[as] necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

3

Lynch contends that the bankruptcy court committed reversible error by failing to give her notice and to conduct a proper hearing and because the requirements for conversion were not met.

## A.   Notice and Hearing

Lynch was provided with both notice and an adequate hearing.   The bankruptcy court noted several times prior to issuing an order to show cause that it was considering conversion of the proceedings because of Lynch's continuing failure to propose a confirmable reorganization plan.   The bankruptcy court gave notice orally on July 13, 2016, and subsequently in three written orders.   Moreover, Stephen Vaccaro, Lynch's former husband and a creditor in the proceedings, made both written and oral requests for Chapter 7 conversion, and Lynch was represented by counsel during the bankruptcy proceedings.   Lynch therefore received adequate notice that conversion to Chapter 7 was requested.

Lynch also challenges the sufficiency of the hearing on June 28, 2017, when the bankruptcy court ordered the conversion of the case to Chapter 7.   But a full evidentiary hearing is not required as long as the record permits the bankruptcy court to "draw the necessary inferences" to determine cause.   *C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship)*, 113 F.3d 1304, 1312-13 (2d Cir. 1994) (concluding that

4

informal hearing that offered debtor opportunity to address dismissal for bad faith was sufficient under § 1112(b)).   Although the hearing here did not focus wholly on conversion, Lynch, Vaccaro, and the U.S. Trustee had opportunities to speak on the conversion issue and did so.   Accordingly, we conclude that Lynch's procedural objections to the bankruptcy court's conversion order are meritless.

B.      **The Merits**

The bankruptcy court did not abuse its discretion in converting the case to a Chapter 7 proceeding.   The bankruptcy court identified three grounds for conversion: (1) Lynch's repeated delays caused the bankruptcy estate to incur increased costs and legal fees; (2) she failed to comply with court orders; and (3) it was apparent that she would be unable to obtain a court-approved disclosure statement and confirm a reorganization plan by the deadline imposed by the bankruptcy court.   *See* 11 U.S.C. §§ 1112(b)(4)(A), (E), and (J); 11 U.S.C. § 1125(b) (requiring court approval of the disclosure statement prior to plan confirmation); Fed. R. Bankr. P. 2002(b).

Indeed, Lynch's delays generated over $400,000 in legal fees, and she continued to accrue arrears on her Wells Fargo mortgage while the bankruptcy case was pending -- more than $700,000 in total as of June 2017.   She also failed to comply with the bankruptcy court order requiring her to obtain an approved disclosure statement by

5

June 16, 2017.   Finally, the U.S. Trustee explained that Lynch's proposed reorganization plan was not confirmable for "numerous reasons," including that the disclosure statement provided inadequate information and the issues with respect to Vaccaro had not been resolved.   App'x at 567.   Although, as Lynch contends, there might have been sufficient assets in her estate to cover her debts, a year and a half had transpired with little having been accomplished, and it was apparent that Lynch was not going to be able to bring the matter to a successful resolution under Chapter 11.   The bankruptcy court reasonably concluded that it was in the best interest of the creditors and the estate to convert the proceedings to a Chapter 7 liquidation.

\*     \*     \*

We have reviewed the remainder of Lynch's arguments and conclude they are without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6